(38 Misc. Rep. 796.)

### WHITMAN v. KOTED SILK UNDERWEAR CO.

(City Court of New York, General Term.   June, 1902.)

1. CORPORATIONS—CONTRACT BY MANAGER.
    One may recover for services rendered for the benefit of a corporation,
    consisting of counsel and advice, and efforts in enlisting new capital in
    the business, under contract with its treasurer and manager, though no
    special authority was given him to make the contract of employment, he
    being in control of the corporation by the consent of and with the full au-
    thority of its officers and directors.

Appeal from trial term.

Action by H. Randolph Whitman against the Koted Silk Under-
wear Company.   From a judgment on a verdict for plaintiff, and from
an order denying a motion for a new trial, defendant appeals.   Af-
firmed.

Argued before CONLAN and SEABURY, JJ.

John A. Taylor, for appellant.
Charles Strauss, for respondent.

CONLAN, J.   The action was brought to recover for services on
two causes of action.   The answer of the defendant was in effect a
general denial.   The defendant is a domestic corporation, and one
Halstead was its treasurer and manager, and was present in charge
of its office and business affairs; and with him all of the dealings
between the parties were had.   The services alleged to have been ren-
dered were in their nature, as it appears, for the benefit of the corpora-
tion, and consisted of counsel and advice, and of efforts to enlist new
capital in the business in which the defendant was engaged, and were
such, in our opinion, as did not necessarily call for any special au-
thority on the part of Halstead, as its treasurer and manager, to con-
tract for.

The only witness called on behalf of the defendant was the person
nominally holding the office of president, but whose name nowhere
appears upon the stationery of the defendant company.   He says,
in regard to the meeting of the company's directors, that "there was
a meeting along in about March, 1900, but whether it was in the lat-
ter part of February or first part of March I do not remember.   The
next meeting, I think, was along in December."   Certainly not very
definite information to be possessed by the president of the defend-
ant of the company's affairs, when the services for which the plaintiff
seeks to recover were alleged to have been performed between the
1st day of May and the 20th day of July of that year.   This witness
also says that he personally objected to the form of stationery used
by Halstead, but the directors did not take any action upon it.   He
also swears that Halstead was in charge of the company, and was
its treasurer and general manager, and that the indebtedness of the
defendant was large in 1900, and, as if to show that he was unable
to devote much of his time to the defendant's business, he says he
was connected with other business and corporations, and named
amongst them an officer of the Hartley Company, and director of the
Remington Arms Company, and treasurer of the Humphreys Chem-

ical Company, and had charge of all interests of the Marcelles-Hartley Company, and that these affairs required all of his time; so that it would appear from the defendant's evidence, as well as that of the plaintiff, that Halstead was in control of the defendant by the consent of and with the full authority of its officers and directors. We do not think, under all the circumstances of the case, that any burden was imposed upon the plaintiff to inquire if any special authority was required by Halstead to act for the company in making the contract in question. It cannot reasonably be denied that all the services contracted for were for the benefit of the defendant, and it is not anywhere denied that they were rendered. But, independent of all this, the question of employment, and of authority of Halstead to employ the plaintiff, was submitted to the jury in a charge which was in all respects fair to the defendant, and no exception was taken thereto, and the jury appear to have determined the same in the plaintiff's favor.

Upon the motion for a new trial, after the verdict, counsel was afforded an opportunity both for oral argument and the submission of authorities, and the result appears to have been adverse to the defendant's contention. We are unable to find anything in the record which calls for an interference with the result reached below, and the judgment and order appealed from should be affirmed, with costs.

Judgment and order affirmed, with costs.

SEABURY, J., concurs.